UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-50021 |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S SECOND MOTION IN LIMINE |
| vs. | |
| MATTHEW SHAWN BUCHKO, | |
| Defendant. | |

The United States, by and through Assistant United States Attorney Sarah B. Collins, submits its response to the defendant's second motion in limine. Dkt. 75. The United States objects.

**BACKGROUND**

On January 10, 2023, the United States provided copies of its trial exhibits to the defendant's counsel, four days prior to the Court's deadline for doing so. The defendant now alleges that, by way of producing its trial exhibits to the defense, the United States provided late discovery. This contention is patently false. The United States has provided full and timely discovery to the defendant. By no later than July 28, 2021, the United States provided defense expert Dan Meinke the entire data extraction for every device of the defendant's on which child pornography was found. See Attachment 1. The defendant's expert confirmed receipt of and ability to view the evidence on September 20, 2021. See Attachments 2 and 3. Every exhibit the United States proposed and provided to

the defendant ahead of this Court's deadline was contained within those data extractions and has been available to defense counsel, through their own expert, for more than a year and a half.

As this Court well knows, due to the illegal nature of content on the defendant's devices, it would violate the law to provide data extractions to the defendant in any other manner other than the procedure accepted by this Court. That procedure requires the United States to produce data extractions to an expert of the defendant's choosing, typically Dan Meinke, who is then permitted to view the content within the confines of the United States Attorney's Office in Sioux Falls, South Dakota. This procedure was followed in the instant case. Defense counsel's failure to adequately communicate with their expert regarding the content of the defendant's devices does not constitute a discovery violation on the part of the United States.

The defendant asserts he was provided with "approximately two hundred and fifty pages of discovery, marked as exhibits." Dkt. 75, at 2. Whether through confusion or an apparent attempt to shift the blame to the government for defense counsel's failure to review discovery, the defendant has misled the Court by referring to the United States' trial exhibits as "discovery." Simply put, the United States' exhibits have been marked with exhibit stickers because the information has been selected from discovery previously produced to the defendant. The defendant's claim of a discovery violation is made even more outrageous by the fact that the United States provided the defendant with its exhibits four days before this Court's disclosure deadline, as a professional

courtesy and in response to the defendant's repeated written requests to receive the United States' exhibits early. Every exhibit produced to the defense is contained in discovery previously provided to the defendant.

In addition to provision of trial exhibits ahead of the Court's deadline, the United States provided the defendant repeated opportunities to view the illicit exhibits and data extractions from the defendant's devices at the Internet Crimes Against Children office in Rapid City. It is standard for digital evidence to be made available to defense counsel and defense investigators at ICAC. In this case, defense investigator Tom Baloun viewed digital evidence at ICAC on November 4, 2021. On Tuesday, January 10, 2023, defense counsel reviewed digital evidence at the ICAC office with Forensic Examiner Hollie Strand. All the material contained in the United States' exhibits was made available to the defendant on those dates and throughout the pendency of this case and was also contained in the material previously provided to the defendant's expert in July, 2021.

It is unclear what else, if anything, the defendant claims was untimely disclosed. The most recent disclosure to the defendant of material to be used in its case-in-chief occurred on December 28, 2022, twenty-one days prior to trial. On that date, the undersigned sent counsel an email containing material that had been provided by Verizon, rather than wait for formal discovery of that content. The United States did not previously have the Verizon content and provided it to the defendant the very day it was received by the United States. This is not a discovery violation. If the Court disagrees, however, this "late

disclosure" affects a single exhibit. Under the circumstances, the defendant's claims are misleading and the request for sanctions against the United States inappropriate.

## CONCLUSION

The United States requests the Court deny the defendant's second motion in limine outright and admonish counsel not to file further misleading motions on the eve of trial.

Dated this 12th day of January, 2023.

>ALLISON J. RAMSDELL
>United States Attorney
>By:
>
>*/s/ Sarah B. Collins*
>
>SARAH B. COLLINS
>Assistant United States Attorney
>515 9th Street #201
>Rapid City, SD 57701
>Telephone: (605) 342-7822
>E-Mail: Sarah.B.Collins @usdoj.gov